UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARC M.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Case No.: 1:18-cv-2693-RLY-DML |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge AFFIRM the decision of the Commissioner of the Social Security Administration ("Commissioner") that plaintiff Marc M. is not disabled.

## Introduction

Marc M. applied in March 2015 for Disability Insurance Benefits ("DIB") and Supplemental Security Income disability benefits ("SSI") from the Social Security

---

[1] To protect privacy interests of claimants for Social Security benefits and consistent with a recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions. The plaintiff will therefore be referred to by his first name in this Report and Recommendation.

Administration ("SSA"). His applications were initially denied on June 15, 2015, and upon reconsideration on December 1, 2015. Acting for the Commissioner of the Social Security Administration following a hearing on June 27, 2017, administrative law judge Belinda J. Brown ("the ALJ") issued a decision on October 28, 2017, that Marc is not disabled. The Appeals Council denied review of the ALJ's decision on June 2, 2018, rendering the ALJ's decision for the Commissioner final. Marc timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Marc contends the Commissioner's decision must be reversed and remanded because the ALJ did not (1) properly evaluate at step three, including with the assistance of an expert, an inability to ambulate effectively, (2) include all of Marc's limitations in her assessment of his residual functional capacity ("RFC"), and (3) explicitly consider Marc's work history when assessing his subjective complaints.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review and then address Marc's specific assertions of error.

## **Standard for Proving Disability**

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Marc is disabled if his impairments are of such severity

that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(3)(B). The SSA has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his

impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence

in her decision, but she cannot ignore a line of evidence that undermines the conclusions she made, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

Marc was born in March 1963 and was 52 years old at the time he applied for DIB and SSI disability benefits. His past work history included work as a material handler, picker packer/warehouse worker, machine shop general laborer, and night counselor/house parent.

At step one, the ALJ found that Marc had not engaged in substantial gainful activity since October 1, 2014, the alleged disability onset date. At step two, the ALJ found Marc suffered from three severe impairments: morbid obesity, osteoarthritis of the bilateral knees, and status/post hemilaminectomy with multilevel lumbar spondylosis. At step three, she found no listings were met. The ALJ next determined Marc's residual functional capacity, i.e., his maximum work capacity despite his impairments and their effect on his functioning. The ALJ concluded that Marc can perform light work, except he can rarely climb ramps and stairs and can never climb ladders, ropes, and scaffolds. He can occasionally balance and stoop, but cannot kneel, crouch, or crawl. He can have occasional exposure to unprotected heights and vibrations (R. 13).

The ALJ decided Marc cannot perform any of his past relevant work but is capable of performing other work. The ALJ credited the testimony of a vocational expert who opined that the RFC was consistent with the following jobs that exist in substantial numbers in the national economy: mail clerk, office machine operator, and information clerk. Accordingly, the ALJ decided at step five that Marc is not disabled.

## II. Marc's Assertions of Error

Marc asserts three errors. First, he contends that the ALJ did not properly evaluate his claim at step three concerning whether Listings 1.02 or 1.04 were met or equaled because the ALJ did not properly get expert assistance or consider the full definition of an inability to ambulate effectively. Dkt. 9 at 4. Second, Marc contends the RFC is erroneous and that the ALJ's analysis in her determination of the RFC is incomplete because she failed to account for all his limitations when assessing his RFC and when conveying his limitations to the vocational expert. *Id.* at 22-23. Third, Marc argues that the ALJ failed to consider adequately his work history when assessing his credibility. *Id.* at 25. The court addresses each argument in turn below.

### A. The ALJ's step three decision is supported by substantial evidence.

Marc asserts that the ALJ did not properly evaluate his claim at step three concerning whether Listings 1.02 or 1.04 were met or equaled. Dkt. 9 at 4. Marc contends that the ALJ did not properly get expert assistance or consider the full definition of an inability to ambulate effectively.

6

To establish that he meets a listed impairment, a claimant has the burden to show, with objective medical evidence, that he satisfies all of the criteria specified in the listing. *See* 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493. U.S. 521, 530-31 (1990). Alternatively, a claimant can establish "medical equivalence" of a listed impairment if he has other findings related to the impairment or has a combination of impairments that "are at least of equal medical significance." *See* 20 C.F.R. § 404.1526(a)-(b). In considering whether a claimant's condition meets or equals a listed impairment, the ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing. *See Brindisi ex rel. Brindisi v. Barnhart,* 315 F.3d 783, 786 (7th Cir. 2003). The Seventh Circuit has held that, in the absence of a contradictory medical opinion and where there is no significant evidence to support a listing, the ALJ can rely on the consultant reviewing opinions that no listing is met or equaled, even without articulating that reliance in her decision. *Scheck* 357 F.3d at 700-01 (citing *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988)). The Seventh Circuit's precedent is consistent with the ALJ's responsibilities under SSR 17-2p, which states:

> If an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding. An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

7

In her step three analysis, the ALJ stated that Marc "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 13). The ALJ considered: (1) whether Marc's bilateral knee osteoarthritis met or equaled Listing 1.02A (major dysfunction of a joint) and (2) whether Marc's degenerative disc disease met or equaled Listing 1.04 (disorders of the spine). Regarding Listing 1.02A, the ALJ explained that "there is no evidence of gross anatomical deformity such as subluxation, contracture, bony or fibrous ankylosis, or instability, in addition to chronic joint pain . . . with involvement of one major peripheral weight-bearing joint resulting in an inability to ambulate effectively." *Id.* As for Listing 1.04, the ALJ noted that Marc "lacks the significant and persistent neurological abnormalities that this listing requires. There is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability to ambulate effectively." *Id.*

The pertinent regulatory section in Listing 1.00B explains "inability to ambulate effectively" as:

> [A]n extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school.

8

> Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.00(B)(2)(b).

The ALJ specifically discussed both listings Marc raised. (R. 13). Other parts of the ALJ's opinion continue to explain how the ALJ reached her decision that Marc did not meet or equal a listing. *See Rice v. Barnhart,* 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses" throughout the decision.). The ALJ explained how she reviewed the medical evidence and treatment notes for years 2014 to 2016, which showed that "although [Marc] demonstrated mildly antalgic gait, he continued to have normal range of motion and full strength in all extremities and muscle groups." (R. 14-15). The ALJ considered Marc's activities of daily living, which showed that Marc is able to "attend to his own personal hygiene and grooming . . . prepare simple meals, perform household chores, shop, go out alone, and get around by walking." (R. 15).

Further, the ALJ evaluated and relied on opinions in the record provided by the state agency doctors at the initial (R. 61) and reconsideration (R. 80) levels of administrative review. After reviewing his medical records, they opined that Marc

9

does not meet or medically equal a listing. The ALJ also evaluated and relied on the report from the consultative exam in June 2015. "Other than slight antalgic gait, the [consultative] exam was unremarkable with normal range of motion and normal strength." (R. 14). The consultative examiner also noted that Marc is "able to walk on bilateral heels and bilateral toes with difficult[y]. Claimant can stand on either leg alone. Claimant can perform a partial squat maneuver without difficulty." (R. 681-82). It is well established that the decisions of agency physicians that a listing is not met or medically equaled supplies substantial support for an ALJ's step three decision. *See Scheck,* 357 F.3d at 700 (the ALJ may rely on the opinions of state reviewing doctors regarding listings, and those opinions supply substantial evidence for an ALJ's finding that a listing was not met or equaled). The court finds that the ALJ's analysis of the relevant evidence is sufficient to provide the logical bridge to her conclusion that the listing level severity was not met.

    **B.    The RFC is supported by substantial evidence.**

Marc contends that the ALJ did not adequately account for his impairments when assessing his RFC or conveying his limitations to the vocational expert to solicit testimony in support of the ALJ's step five finding that Marc could perform other work. Marc makes the generalized argument that the ALJ did not explain how he could stand or walk for up to six hours per day with the osteoarthritis of his bilateral knees and with the degenerative changes reflected in his lumbar spine. Dkt. 9 at p. 22. But that is not a fair description of the ALJ's evaluative analysis.

The ALJ addressed the evidence in the record and, other than his work history, Marc does not identify any medical or other evidence that she failed to consider.

The ALJ specifically considered the medical records, the evidence from the consultative examiner, and the state agency doctors' opinions. (R. 13-16). She gave great weight to the opinions of the state agency doctors, both of whom opined that Marc is capable of a "reduced light exertional level." (R. 15). Further, to accommodate Marc's subjective complaints about his pain and impairments, the ALJ assessed more stringent postural and environmental limitations in his RFC than either of the state agency doctors. Both state agency doctors determined that Marc could occasionally climb ramps and stairs and could occasionally kneel, crouch, or crawl. (R. 66, 87). The ALJ went beyond those limitations and determined that Marc could only rarely climb ramps or stairs and could never kneel, crouch, or crawl. (R. 13). The court finds that the RFC determination is supported by substantial evidence.

### C. The ALJ's omission of Marc's work history is not grounds for reversal.

Marc's argument that the ALJ failed to consider his work history properly is threadbare. He asserts that the ALJ failed to take into consideration his long and steady work history in assessing his credibility. Dkt. 9 at 25. The Seventh Circuit requires the district court to accord the ALJ's credibility determination considerable deference, overturning it only if it is "patently wrong." *Pepper v. Colvin,* 712 F.3d 351, 367 (7th Cir. 2013) (citing *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008)). Reviewing courts examine whether a credibility determination was reasoned and

11

supported. Only when an ALJ's decision "lacks any explanation or support . . . will [the court] declare it to be 'patently wrong.'" *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

Here, Marc does not describe the relevant standard of review or fully develop an argument that the ALJ's credibility determination was wrong. Rather, he asserts that the ALJ should have acknowledged his efforts to continue working while experiencing pain. While it is true that the ALJ did not explicitly mention Marc's work history, the ALJ provided other sufficient evidence to justify her credibility determination.

The ALJ found that the medical records show Marc's "impairments are not as limiting as he alleges." (R. 14). The medical records show a history of back and knee pain with the accompanying symptoms of which Marc complains. The ALJ confronted these findings in the medical record (R. 14-15) but also noted that the medical records show that Marc otherwise had "normal range of motion, and strength and normal gait." (R. 14). The ALJ also considered Marc's testimony and his self-reported ability to perform some household chores and attend to his own hygiene and grooming. (R. 15). The ALJ noted that "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." *Id*. Therefore, the court does not conclude that the ALJ's credibility determination was patently wrong based on the limited argument Marc presented.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge AFFIRM the Commissioner's decision that Marc is not disabled.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: 7/31/2019

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system